# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:07-773-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | ON MOTION TO RECONSIDER |
| TRAYONE BURTON | ) | |
| _____ | ) | |

Trayone Burton, convicted in this court of conspiracy to possess with intent to distribute cocaine and marijuana, possession with intent to distribute marijuana, and being a felon in possession of a firearm, retained an attorney of his own choosing who rendered advice in this case that all parties involved agree was ill-advised. When the United States Attorneys Office became aware of the potential for poor legal representation, it filed an *ex parte* motion raising the issue with this court.

Following a hearing, at which Burton agreed with the court that it would be best for him to obtain new counsel, the court appointed Columbia attorney Joe McCullouch to represent Burton. Fortunately for the defendant, Mr. McCullouch was able to repair any damage which might have occurred to that point, and the defendant proceeded to trial. After Burton was convicted of three of the four counts against him, McCullouch nevertheless successfully argued that the defendant should receive a downward adjustment of his offense level for acceptance of responsibility (a highly unusual move for this court in a case where the defendant forced the government to a contested trial on the issue of factual guilt), and also convinced the court to issue a downward departure, allowing Burton to avoid the

sentence of life which was then called for under the advisory sentencing guidelines.

Following an unsuccessful direct appeal, Burton returned to this court, filing a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. The government responded to the motion and moved for summary judgment. After the court advised the defendant of his right and obligation to respond to the motion for summary judgment, the defendant filed a brief and this court carefully considered all of the arguments advanced by the defendant at that time. The court entered an order addressing all of the issues, agreeing with the government that summary judgment should be awarded to the government in this case.

Burton has now filed a motion[1] seeking to have the court reconsider its decision on summary judgment, a motion which was technically filed out of time.[2]

In his motion to reconsider, the defendant suggests that this court "misunderstood" his arguments. He then proceeds to advance arguments that were not contained in his original § 2255 motion, and assert facts that are completely belied by the record in this case. Finding no basis for disturbing this court's earlier decision, the court is constrained to deny the motion to reconsider.

In his motion to reconsider, Burton argues the following: (1) the court misunderstood the facts concerning when a trash pull was conducted at 8088 Hunt Club Road and whether

---

[1] The court will refer to the amended motion to reconsider (ECF No. 361) filed on July 20, 2012. The amended motion does not make substantive changes to the original motion (ECF No. 358).

[2] The original motion to reconsider was filed one day beyond the 28-day deadline provided for in Fed. R. Civ. P. 59(e). Even though untimely, the court will nevertheless address the motion to reconsider on its merits.

or not Burton resided at 8088 Hunt Club Road; (2) the court misunderstood the facts concerning the search warrant that was executed at 304 Fowler Street (Burton's residence) on June 20, 2007; and (3) the court misunderstood the facts concerning a meeting between Burton, Agent Larry Sypolt, and the Assistant United States Attorney handling this case for the government. In addition, Burton points out minor discrepancies in the position taken by the government and challenges the way the first attorney he retained to represent him was discharged from the case.

At the outset, it should be noted that Burton's contention that the "phantom" search warrant has never been produced and that it "does not appear in the docket sheet" is incorrect. The search warrant and supporting documents are found at ECF Nos. 42 and 43 in this case.

Regarding the trash pull at 8088 Hunt Club Road, the government concedes that the pull occurred on July 10, 2006, not August 10, 2006 as the government had originally stated in its earlier memoranda. This factual discrepancy is of no consequence to the issues presented in the motion to reconsider. Burton claims that the government "would have this court believe that the address of 8088 Hunt Club Road was Burton's residence at the time the trash pull was conducted." This argument is subsumed within Burton's argument that the Tenth Amendment to the United States Constitution prohibits federal laws on controlled substances such as the laws under which the defendant was convicted. Whether or not defendant's residence was at 8088 Hunt Club Road is of no consequence to the issues presented in the instant motion.

With regard to the search warrant executed at 304 Fowler Street and Rutherford's advice to the defendant during the early stages of the prosecution of this case, defendant provides no new facts that were not contained in his original petition. As this court has noted earlier, the facts advanced by the defendant do not support his argument that but for Rutherford's alleged unprofessional errors, the results of the proceeding would have been different.

Burton contends that the United States Attorney "secretly filed" an *ex parte* motion on behalf of Burton to "fire Rutherford without Burton's consent." As the transcript will reveal, the government acted with commendable candor to bring to this court's attention a potentially troublesome situation in which Rutherford, due to a pre-existing relationship with the bail bondsman in this case, might have a reason not to devote his full loyalty to his client. When this issue was raised at the *ex parte* hearing, at which Burton was present, Burton readily agreed that it would be in his best interest to discharge Rutherford and obtain new counsel. There was no "secretly filed" document relating to this action by the court, and as the transcript indicates, both this court and Burton came to the inescapable conclusion that Rutherford needed to be removed from the case.

In his motion for reconsideration, Burton attempts to have it both ways, as he seems to suggest that the United States Attorney improperly "fired" Rutherford from the case, while at the same time arguing that Rutherford's unprofessional conduct served to prejudice him in the subsequent proceedings in this case. As this court noted in its earlier order, the new court-appointed attorney provided to the defendant was successful in having this court

suppress statements made by Burton to law enforcement as a result of the improper advice given by Rutherford; and was successful in having the government renew plea discussions notwithstanding the fact that Burton had lied to investigating officers initially, thus restoring Burton's status to exactly the same condition it was before Rutherford gave the improper advice. Moreover, McCullouch successfully convinced the jury to acquit the defendant on one of the four charges against him, and, as noted previously, he obtained extremely favorable rulings from this court on two substantial sentencing matters.

In short, Burton has supplemented his original petition for relief pursuant to 28 U.S.C. § 2255 with facts and legal arguments that do not in any way affect this court's findings in denying the § 2255 motion. The motion for reconsideration is, therefore, denied (ECF No. 361).

IT IS SO ORDERED.

Joseph F. Anderson Jr

August 27, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge